LEONORA BRENAUER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brenauer v. Commissioner
Docket No. 19324-80.
United States Tax Court
T.C. Memo 1983-418; 1983 Tax Ct. Memo LEXIS 371; 46 T.C.M. (CCH) 784; T.C.M. (RIA) 83418; July 20, 1983. Leonora Brenauer, pro se. Geraldine R. Eure and William M. Gross, for the respondent. *372 NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined a $20,993.75 deficiency in petitioner's 1976 Federal income tax. The issues for decision are: (1) whether petitioner had unreported interest and dividends in the amounts determined by respondent; (2) whether petitioner is entitled to larger section 164 [1] state sales tax deductions than the amounts determined by respondent; (3) whether petitioner is entitled to certain deductions for 1975 in applying the income averaging provisions; and (4) application of the section 213 limitation on deductions for medical expenses. We combine our findings of fact and opinion to facilitate the disposition of the contested issues. Some of the facts have been stipulated. The stipulation and attached exhibits are incorporated herein by reference. Petitioner resided in Miami, Florida, when she filed the petition in this case. Petitioner computed her taxable income for the 1976 tax year using the cash basis method of accounting. *373 We will consider the issues separately. Unreported Income
Respondent determined that petitioner did not report $26,485 and $8,940 of interest and dividends, respectively, in 1976. Petitioner concedes that she received $26,098 of unreported interest income and $7,217 of unreported dividend income. The parties dispute the following amounts: $387 in interest from Reynolds Securities, Inc.; $475 in dividends from Reynolds Securities Inc.; and $1,248 in dividends from Bache Co., Inc.
Petitioner argues that the $387 in interest received from Reynolds Securities, Inc. constituted tax free interest under section 103. Petitioner contends that the $475 in dividends received from Reynolds Securities, Inc. was, at least in part, a nontaxable dividend. Petitioner also maintains that she is not taxable on the $1,248 in dividends received from Bache Co., Inc. because the amounts were duplication of amounts which she already had reported, or because such amounts were credited to her account before she actually received them. Petitioner's testimony on these points was vague and unconvincing. Further, she offered no documentary evidence to support her claims. Accordingly, we must *374 find that she has failed to satisfy her burden of proving that respondent's determination was incorrect. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). Therefore, we hold that petitioner is liable for unreported interest and dividends in the amounts determined by respondent. State Sales Tax
Petitioner claimed a $353 sales tax deduction on her 1976 return. Respondent determined in the deficiency notice that petitioner was entitled to a sales tax deduction of $305.76. Respondent disallowed the $47.24 balance for lack of substantiation. Respondent now concedes that petitioner is entitled to the entire $353 amount claimed on her return. Petitioner now claims that she is entitled to a sales tax deduction for 1976 totaling $828. Petitioner introduced no evidence to substantiate the amounts exceeding $353. Petitioner merely offered a handwritten summary of the amounts paid. Such a list, unaccompanied by objective supporting evidence, is not sufficient to satisfy her burden of showing that she paid more than $353 of sales taxes in 1976. Rule 142(a); Welch v. Helvering,supra.
Income Averaging
Respondent determined in the *375 deficiency notice that petitioner could not use income averaging for 1976 because the taxable income of the prior years, 1972 through 1975, could not be determined due to lack of substantiation of the expenses claimed in those prior years. Respondent now concedes that petitioner is entitled to the benefits of income averaging for 1976. Respondent further concedes that petitioner's taxable income for 1972, 1973, and 1974, is correct as reported for purposes of making the 1976 income averaging computation. Deductions for 1975 remain in controversy. The parties dispute three sets of deductions: (1) legal, custodial and other expenses associated with the termination of a trust; (2) sales tax payments; and (3) casualty losses. We will separately consider these sets of deductions. Expenses Associated with Termination of a Trust
Petitioner claimed the following deductions on her 1975 return: Commissions
$13,814.00
Attorney fees
40,000.00
Other business expenses
470.00
Custodian fees
1,549.00
Total
$55,833.00
Respondent contends that petitioner is not entitled to deduct these entire amounts Respondent does not dispute that the following payments were *376 made in 1975: Amend & Amend (legal fee)
$10,000.00
Amend & Amend (legal fee)
2,500.00
Moss, Wel & Marcus (legal fee)
27,500.00
Manufacturers Hanover Trust
Company (commissions)
13,814.49
Greenbert, Traurig, Hoffman,
Lipoff & Quentel, PA (legal fee)
280.00
Rose Sheinberg (legal fee)
50.00
Arnette Traversi (typing petition
to New York court)
10.00
Total
$54,154.49
Respondent maintains that the difference between this $54,154.49 amount and the $55,833.00 amount claimed on the 1975 return ($1,678.51) must be disallowed for lack of substantiation. Petitioner introduced nothing into evidence to show that this $1,678.51 amount was expended or, if expended, to show that it was a deductible expense. Accordingly, we hold that petitioner is not entitled to deduct this $1,678.51 amount in determining her 1975 taxable income for purposes of applying the income averaging provisions. Respondent concedes that petitioner may deduct $855.21 of the $13,814.49 amount paid as commissions to Manufacturers Hanover Trust Company. But respondent maintains that petitioner is not entitled to deduct the remaining $53,299.28 amount ($54,154.49 less $855.21). Respondent *377 makes two arguments. First, he contends that a trust, rather than petitioner, made these payments. Second, he maintains that the payments are not deductible expenses for 1975, even if petitioner made the expenditures. We agree with respondent's second argument, though we are not convinced by respondent's first argument. The disputed $53,299.28 amount was spent in conjunction with litigation concerning the termination of a trust. Petitioner was the sole income beneficiary and the sole remainderman of a trust established by her father's will. Petitioner received significant amounts of income from the trust each year. But petitioner wanted to get the principal free of the trust because she thought that the trustee (Manufacturers Hanover Trust Company) and the attorneys for the trustee (Amend & Amend) maintained the trust, instead of dissolving it and giving her the corpus, solely to continue the fees they received for performing their duties. Petitioner brought suit in the New York court system. In 1975, a New York court declared that petitioner could alienate the corpus and income of the trust free of restraint. Moss, Wel & Marcus, Greenbert, Traurig, Hoffman, Lipoff & *378 Quentel, P.A. and Rose Sheinberg provided legal assistance to petitioner during the litigation. Arnette Traversi typed petitioner's petition to the New York court. Petitioner introduced billings and checks into evidence which convince us that she paid the following amounts in 1975 to the following payees: Greenbert, Traurig, Hoffman
Lipoff & Quentel, PA
$280.00
Rose Sheinberg
50.00
Arnette Traversi
10.00
Petitioner also introduced checks, receipts and transactional account sheets from the trust which convince us that she paid the remainder of the disputed amounts to Manufacturers Hanover Trust Company during 1975. Manufacturers Hanover, in turn, transferred these amounts to the ultimate recipients. Petitioner argues that the direct payments and the amounts paid to Manufacturers Hanover as an intermediary are deductible under section 212. We disagree. Petitioner made the direct payments to obtain the corpus of the trust. Petitioner made the payments to Manufacturers Hanover to ensure a quick transfer of the corpus to herself after the New York court's decision. Therefore, these disputed payments constitute expenses paid in perfecting title to the *379 corpus of the trust. See United States v. Gilmore,372 U.S. 39 (1963). Such amounts are not deductible as expenses in 1975, but must be added to the basis of the property which constituted the corpus of the trust. Spangler v. Commissioner,323 F.2d 913 (9th Cir. 1963), affg. a Memorandum Opinion of this Court; sec. 1.212-1(k), Income Tax Regs. ("Expenses paid or incurred in protecting or asserting one's rights to property of a decedent as heir or legatee, or as beneficiary under a testamentary trust, are not deductible."). [2]
Sales Tax Payments
Petitioner claimed *380 the following sales tax deductions on her 1975 return: General sales tax
$225.00
Sales tax on boat
145.00
Sales tax on major purchases
57.00
New York City sales tax
120.00
$547.00
Respondent does not contest these deductions. Petitioner now claims that she is entitled to greater sales tax deductions. Petitioner provided no coherent testimony, nor did she introduce any evidence to substantiate increased deductions. Petitioner therefore did not satisfy her burden of proof on this issue. Rule 142(a); Welch v. Helvering,supra.
Casualty and Theft Losses
Petitioner's yacht "Varona" was stolen in 1975. It was recovered a short time after the theft but certain items had been taken, used or damaged while the vessel was outside of petitioner's possession. Petitioner reported a $1,306 casualty and theft loss deduction on her 1975 return as a result of this incident. Respondent does not contest this deduction. Petitioner now contends that she is entitled to a casualty and theft loss deduction greater than the reported $1,306 deduction. Petitioner introduced into evidence bills from marine outfitters to substantiate her claim. *381 For the most part these documents merely substantiate the losses she claimed on her return. Petitioner also introduced a bill which substantiated a $207.97 expense for the "Varona" which she did not claim on her 1975 return. Petitioner incurred this expense to send a captain to move the "Varona" from the place where the vessel was left by the thieves to the "Varona's" home berth. Petitioner is entitled to include this amount in the 1975 casualty and theft loss deduction calculation. Petitioner introduced other bills referring to work done for the vessel "Joan D' Arc." These expenses plainly do not relate to the theft of the "Varona." Petitioner has not laid a foundation for deducting any casualty or theft losses with relation to the "Joan D' Arc." Accordingly, petitioner may not deduct such amounts in computing her 1975 taxable income for income averaging purposes. [3]
*382 Medical Expense Deduction
Petitioner reported a $694 medical expense deduction on her 1976 return. Respondent does not contest that the reported amounts were medical expenses. But the deduction allowable for petitioner's 1976 tax year must be determined with reference to the section 213 limitations which are based on petitioner's 1976 adjusted gross income. Therefore, petitioner's medical expense deduction must be adjusted to reflect the changes made in petitioner's income and deductions for 1976. [4]
Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner sent a paper to the Court, which is not in evidence, which purports to show that the trust had a very small amount of income in addition to corpus, when the New York court order was entered. Such information, if in evidence, might justify allowing petitioner a deduction for that proportion of total expenses which perfected petitioner's right in the income. See sec. 1.212-1(k), Income Tax Regs.↩ However, we need not decide the question because nothing in evidence shows what, if any, amount of the trust was income at the time petitioner's rights were perfected.
3. Petitioner occasionally argues that she is entitled to greater casualty and theft deductions for 1976.↩ It is unclear from the context whether petitioner was referring to 1975 and erroneously stated 1976, or if she contends that she is entitled to greater deductions than the amount reported on her 1976 return. Petitioner introduced no evidence to substantiate casualty and theft deductions in excess of the amount reported on her 1976 return. Therefore, she is not entitled to any such additional deductions for 1976.
4. Petitioner also requests that the Court eliminate one year's compilation of the section 6601 interest on her deficiency, if any. Petitioner maintains that she should not be responsible for such interest because the lag was due, at least in part, to the delinquency of her advisors. Unfortunately for petitioner, we have no authority to abate the running of the section 6601 interest charge under such circumstances.↩